UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

MOTHER DOE, on behalf of JOHN DOE

    Plaintiff,

v.

GRINDR, LLC; KL GRINDR HOLDINGS, INC., and
GRINDR HOLDING COMPANY,

    Defendants.

Plaintiff "JOHN DOE" (referred to herein as "Plaintiff" and/or "JOHN DOE"), by and through the undersigned attorney, hereby complains of the Defendant GRINDR, LLC, Defendant KL GRINDR HOLDINGS, INC., Defendant GRINDR HOLDING COMPANY (collectively referred to herein as "GRINDR"), upon information and belief, as follows:

## NATURE OF THE CASE

1. Defendant GRINDR knowingly facilitates and contributes to sexual abuse, rape and trafficking of minor children for profit.

2. This action seeks, *inter alia*, to hold Defendant GRINDR liable 1) for providing *access* to children to create "Grindr" accounts to then engage in sex with adult men; 2) for misrepresenting on its website that children do not have the possibility of using their online sex platform; and 3) for failing to warn the public and its users that its sex platform is frequently used by underage boys who are victims of sexual predators they meet on GRINDR.

1

3. Defendant is liable pursuant to 18 U.S. Code § 1595 and Florida common law, and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually abused and sexually assaulted by an adult male.

## JURISDICTION, VENUE AND PARTIES

4. Plaintiff, Mother Doe, on behalf of minor, John Doe, is sui juris and an adult resident of Lake County, Florida. Plaintiff and minor are identified in the lawsuit by the pseudonyms, as this case involves facts of the utmost intimacy regarding the sexual assault of a minor and Plaintiff fears further psychological injury if their names were publicly disclosed.

5. Defendant Grindr, LLC is a Limited Liability Company organized in the State of California with its principal place of business in West Hollywood, California.

6. Upon information and belief Grindr, LLC has two corporate members: KL Grindr Holdings Inc. and Grindr Holding Company.

7. Defendant KL Grindr Holdings, Inc., is, upon information and belief, incorporated under the laws of Delaware with a principal place of business in China.

8. Defendant Grindr Holding Company is, upon information and belief, incorporated under the laws of Delaware and has its principal place of business in California.

9. The above defendants are collectively referred to herein as "GRINDR."

10. GRINDR extensively and intentionally markets to Florida residents, including Plaintiff. The Grindr mobile app was downloaded in the State of Florida. GRINDR sent data to and from Florida within its internet platform. GRINDR services and supports hundreds of thousands of accounts in Florida.

11. This Court has jurisdiction pursuant to 28 U.S.C § 1332 as there is diversity of citizenship and this case and controversy exceeds $75,000; and 28 U.S. Code § 1331 as Plaintiff's cause of action arises out of the Trafficking Victims Protection Act.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 based upon Defendants' residency and that a substantial part of the events or omissions giving rise to the claim occurred within Lake County, State of Florida.

## FACTS

1. "Grindr" is a website and also a smartphone application designed and used to facilitate sex between men.

2. Upon information and belief, in creating a Grindr profile, users may encounter just a single notification that the app is for adults only: the requirement of entering one's birth date. As a result of its flimsy age verification process and its indiscriminate marketing, Grindr poses risks to both minors and adults. Defendant GRINDR is not immune from responsibility for knowingly allowing male children to sign up for "Grindr" and then be sexually assaulted and statutorily raped.

3. Section 230 is inapplicable to these claims. The herein claims against GRINDR are not based on any content or information by third parties. Rather, the claims herein against GRINDR are based on, inter alia, *access*: access by minors to its sex connection platform. The claims herein are also based on failure to warn.

4. The herein claims against GRINDR are also based on its liability under 18 U.S.C. 1595.18 U.S.C. § 2421A entitled, "Promotion or facilitation of prostitution and reckless disregard of sex trafficking" amends Section 230(e) stating, ''(5) NO EFFECT ON SEX TRAFFICKING LAW.— Nothing in this section (other than subsection (c)(2)(A)) shall be construed to impair or limit—

"(A) any claim in a civil action brought under section 1595 of title 18, United States Code, if the conduct underlying the claim constitutes a violation of section 1591 of that title."

5. The herein claims against GRINDR are further based on its very own content where it states in its "Terms of Use" that a minor may not use its service. Specifically, GRINDR's website misleads the public stating "NO PERSONS UNDER THE AGE OF EIGHTEEN (18) YEARS (OR TWENTY-ONE (21) YEARS IN PLACES WHERE EIGHTEEN (18) YEARS IS NOT THE AGE OF MAJORITY) MAY DIRECTLY OR INDIRECTLY VIEW, POSSESS OR OTHERWISE USE THE GRINDR SERVICES."

6. The affirmative statement by GRINDR that no child "may […] use the Grindr services […]" is a representation that it is not possible for a child to use the GRINDR services. This is blatantly false since it is certainly possible for a child to use the GRINDR services. A child merely enters in a different birth year to sign up on GRINDR and the world of sex with adult men is instantly open to these children.

7. Parents of minor boys are not alerted to the fact that their boys have the ability to sign up for sex with men on GRINDR. Instead, GRINDR misrepresents that minors do not have the possibility of signing up on their website or app.

8. GRINDR has actual and constructive knowledge that its website and App are regularly used by underage boys:

9. Moreover, Defendant GRINDR is aware that underage users sign up for their sex service thereby exposing themselves to the possibility of grown men sexually assaulting and statutorily raping these underage users.

10. GRINDR has ample knowledge from third party sources that its sex platform is used by children who are sexually assaulted by its users. Nevertheless, GRINDR fails to warn underage

users and their parents that its sex platform is frequently used by pedophiles and other sexual predators to sexually abuse minor children, whereby, condoning said criminal conduct.

11. With respect to improperly providing children with access to GRINDR, there are numerous, easy ways for GRINDR to verify the age of its users all of which they actively choose to disregard instead focusing on profit over safety. For instance, implementing and utilizing a multi-layered verification system whereby preventing underage users from bypassing the system age requirements.

12. Simple measures to prevent underage users from having access to adult applications have been taken by numerous companies willing to take responsibility for their platform.

13. Unfortunately, Defendant GRINDR does not and did not take any such verification measures despite knowing that underage children use their sex platform and despite the ease with which age verification can be incorporated into their platform.

14. Defendant GRINDR does not and did not take any such verification measures because they prefer to have underage male subscribers who boost their revenues, profiting or benefiting financially, therefore, engaging in sex trafficking.

15. Upon information and belief, Grindr intentionally makes signing up easy for prospective users, including those who are underage, because having more users benefits the company's bottom line. The more users Grindr has, the higher its profits: 75 percent of its revenue comes from its subscription services, and 25 percent comes from its advertisers. Both revenue sources ostensibly depend on having a large user population.

16. Upon information and belief, Grindr announced in August 2018 that it planned to go public. Apparently, it had been courting investors by revealing that it had been 'continuously profitable' for three years based on premium subscriptions. Upon information and belief, Grindr has an

incentive to turn a blind eye to underage users because those additional users increase its profits.

17. John Doe, a minor, set up an account with Grindr and met user, Edward Pritt, an adult male sexual predator. On or about October 2, 2022, Edward Pritt, knowing John Doe was a minor, arranges a physical meeting with John Doe.

18. On or about October 2, 2022, a doorbell camera alerted a female resident to a suspicious vehicle in front of her house who contacted Lake County Sheriff's office. Upon responding to the call, Edward Pritt was caught engaging in sex acts with John Doe who was only thirteen years old at the time of the assault. Consequently, Edward Pritt was taken into custody.

19. The perpetrator, had access to John Doe because GRINDR blatantly allows minors improper access.

### AS A FIRST CAUSE OF ACTION TRAFFICKING VICTIMS' PROTECTION ACT (TVPA)
### (As against all Defendants)

20. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

21. 47 USCA § 230 states, "Nothing in this section (other than subsection (c)(2)(A)) shall be construed to impair or limit--**(A)** any claim in a civil action brought under section 1595 of Title 18, if the conduct underlying the claim constitutes a violation of section 1591 of that title." 47 USCA § 230.

22. Defendants subjected Plaintiff to commercial sex acts by force, coercion and that Plaintiff was under the age of 18, including both physical and financial.

23. GRINDR engaged "in *reckless disregard of the fact, that* means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be

used to cause the person to engage in a commercial sex act, or that ***the person has not attained the age of 18 years*** and will be caused to engage in a commercial sex act, will be punished as provided in subsection (b)." 18 USC 1591 (emphasis added).

24. A commercial sex act means any sex act, on account of which anything of value is given to or received by any person. The specific conditions are the use of force, fraud, or coercion, or conduct involving persons under the age of 18. See the Department of Justice's definition: "Section 1591 criminalizes sex trafficking, which is defined as causing a person to engage in a commercial sex act under certain statutorily enumerated conditions. A commercial sex act means any sex act, on account of which anything of value is given to or received by any person. The specific conditions are the use of force, fraud, or coercion, or conduct involving persons under the age of 18." [15]

25. Defendant GRNDR violated Section 1591 by knowingly benefitting financially from participation in a venture which has engaged in an act described in violation of paragraph (1),

26. Defendant GRINDR further engaged in advertising on its app and website "in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)."

27. Defendants, through their above actions and nonfeasance, furthered the sex trafficking venture. Such conduct was undertaken with the knowledge, or in reckless disregard of the fact, that it was furthering the herein sex trafficking venture.

28. All Defendants are liable to Plaintiff under 18 USCA § 1591 and 1595.

## SECOND CAUSE OF ACTION
### NEGLIGENCE
### (As against all Defendants)

29. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

30. Defendant GRINDR had a duty to Plaintiff to exercise reasonable care in the designing, manufacturing, researching, coding, development, promoting, and distribution of its apps and other software into the stream of commerce, including a duty to assure that children would not have access to their sex platform.

31. In addition to having the above duty, Defendant GRINDR voluntarily undertook the duty to represent to the public that children are not able to use their platform. They breached that duty in misrepresenting that children are unable to use their platform.

32. Defendant GRINDR was further negligent in stating that children may not use their platform when children were, in fact, able to do so and have done so.

33. Defendant GRINDR negligently failed to comply with its own written policies that children are unable to use their service as stated in its Terms of Service.

34. Defendant GRINDR negligently failed to warn Plaintiff and/or Plaintiff's parents that users of GRINDR frequently use its site to sexually assault children.

35. As a direct and proximate cause of Defendant GRINDR's negligence, John Doe was sexually assaulted and raped. Resultantly, John Doe has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs

associated with medical/psychological care and treatment. Alternatively, John Doe sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the John Doe will suffer such losses in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

## AS A THIRD CAUSE OF ACTION
## PUNITIVE DAMAGES

36. At all times mentioned herein, Defendants' conduct was wanton, reckless, intentional, malicious, and/or grossly negligent and as such punitive damages are warranted against all defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus, punitive damages, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial on all issues to be tried.

Dated: March 21, 2023

                                      Respectfully submitted,

                                      */s/* Krisel McSweeney
                                      Krisel McSweeney
                                      Florida Bar No.: 112637
                                      McSweeney Law Firm

5550 Glades Rd., Suite 500
Boca Raton, FL 33431
Tel.: 800-540-0668
Fax: 561.961.5191
kmcsweeney@mcsweeneylawfirm.com