UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MOTHER DOE, on behalf of
JOHN DOE,

        Plaintiff,

v.                                              Case No. 5:23-cv-193-JA-PRL

GRINDR, LLC and GRINDR
HOLDINGS, LLC,

        Defendants.

## ORDER

Before the Court is the Motion to Dismiss (Doc. 35) filed by Defendants Grindr, LLC, and Grindr Holdings, LLC.[1] Upon consideration of the parties' arguments, and for the reasons that follow, the Court will grant the motion and dismiss this action.

### I.   BACKGROUND[2]

Grindr is a website and smartphone application (app) that facilitates sex between its users. (Second Am. Compl., Doc. 28, ¶ 11). Grindr is an "adults only" app and requires users to enter their birthdate before they are permitted

---

[1] The Motion to Dismiss (Doc. 35) was filed by Grindr, LLC. Grindr Holdings, LLC joins in the motion (*See* Doc. 44).

[2] The Background section is derived from the allegations of the Second Amended Complaint (Doc. 28), which are taken as true for the purpose of ruling on the Motion to Dismiss (Doc. 35).

to create an account. (*Id.* ¶ 12). Nonetheless, when John Doe (John) was a minor, he created an account on the app, apparently by providing a false birthdate.[3] (*Id.* ¶ 17)

On or about October 2, 2022, John, who was then 13 years old, and Edward Pritt, an adult male, used the Grindr app to arrange a time to meet. (Doc. 28 ¶ 28). At 5:00 a.m. on October 2, 2022, Pritt drove to John's home using Grindr's geolocation features, and he and John engaged in sexual activity in Pritt's car. (*Id.* ¶ 29). A resident was alerted to suspicious activity outside of her home and called the police, who arrested Pritt. (*Id.* ¶ 30).

Plaintiff, Jane Doe, brings this suit on behalf of her minor son, John.[4] Plaintiff alleges negligence and intentional infliction of emotional distress (IIED) under Florida common law against Grindr, LLC and Grindr Holdings, LLC.[5] Defendants move to dismiss on three grounds: (1) Section 230 of the

---

[3] The Complaint does not explicitly state that John created his account on the Grindr app by entering a false birthdate. However, the Court assumes that John took this approach because he was able to create an account and Plaintiff frequently references the app's requirement of entering one's birthdate as a "weak age verification process." (*See* Doc. 28 ¶¶ 12, 14).

[4] Plaintiff invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. Although Plaintiff did not sufficiently plead diversity in any of her complaints, the Court is satisfied based on the parties' disclosure statements (Docs. 5, 21, & 43) that the parties are completely diverse and the Court has subject-matter jurisdiction.

[5] In its Motion to Dismiss, Grindr, LLC notes that it operates the Grindr app. (*See* Doc. 35 at 1). Grindr, LLC disputes the propriety of any other entity being named as a Defendant. *Id.* It is not clear what the role of Grinder Holdings, LLC is, but Grindr Holdings, LLC, as mentioned earlier, has joined in the Motion to Dismiss. For the purposes of the Motion to Dismiss, the Court does not distinguish between these entities and refers to them collectively as "Defendants."

2

Communications Decency Act, 47 U.S.C. § 230(c)(1), provides immunity to Plaintiff's claims; (2) the First Amendment bars Plaintiff's claims; and (3) Plaintiff fails to state a claim for negligence and IIED under Florida common law. Because the first basis is dispositive, the Court does not reach the others.

## II. DISCUSSION

### A. Section 230

Section 230 of the Communications Decency Act (CDA) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "The majority of federal circuits have interpreted the CDA to establish broad 'federal immunity to any cause of action[6] that would make service providers liable for information originating with a third-party user of the service.'" *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006) (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir.1997)). Defendants assert entitlement to this immunity here.

There are three elements to a claim of immunity under Section 230(c) of the CDA. "The defendant must show that: (1) [it] is a provider . . . of an interactive computer service, (2) the claim is based on information provided by another information content provider and (3) the claim would treat the

---

[6] Section 230(e)(3) of the CDA preempts state law: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

defendant as the publisher or speaker of that information.'" *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 588 (S.D.N.Y. 2018), (alterations in original) (internal quotation marks omitted) (quoting *FTC v. LeadClick Media, LLC*, 838 F.3d 158, 173 (2d Cir. 2016)).

First, as Plaintiff concedes, Grindr is an interactive computer service (ICS) (Doc. 42 at 5). An ICS is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Grindr is an ICS because it "gives subscribers access to a common server for purposes of social networking." *Saponaro v. Grindr*, LLC, 93 F. Supp. 3d 319, 323 (D.N.J. 2015).

Second, the claim is based on information provided by another information content provider. The CDA defines "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

Plaintiff claims that this case is solely about a failure to implement basic safety measures to protect minors, as was the case in *Doe v. MySpace, Inc.*, 474 F. Supp. 2d 843 (W.D. Tex. 2007), *aff'd*, 528 F.3d 413 (5th Cir. 2008). But this "artful pleading" is equally disingenuous here. *Id.* at 849. The foundation of Plaintiff's claim is that through communications on the Grindr platform, Pritt and John met and exchanged personal information that led to an in-

person meeting and the sexual assault of John. If Defendants had not allowed John access to the app and published his communication with Pritt, the two would not have met and the sexual assault would not have occurred. "Merely providing the forum where harmful conduct took place cannot . . . serve to impose liability onto [a provider]." *M.H. v. Omegle.com, LLC*, Case No. 8:21-cv-814-VMC-TGW, 2022 WL 93575, at *5 (M.D. Fla. Jan. 10, 2022) (citing *Klayman v. Zuckerberg*, 753 F.3d 1354, 1358 (D.C. Cir. 2014)).

Third, the claims treat Defendants as a publisher of information. As mentioned above, Plaintiff's claim is "inextricably linked" to Defendants' publication of Pritt's messages to John. *See Herrick v. Grindr*, 765 F. App'x 586, 591 (2d Cir. 2019) (Section 230 barred claim that Grindr failed to warn that its platform could be used to impersonate and harass others); *In re Facebook, Inc.*, 625 S.W.3d 80, 94 (Tex. 2021) (Section 230 barred failure-to-warn claim because warning "would only be necessary because of Facebook's allegedly inadequate policing of third-party content transmitted via its platforms"). Defendants published the messages between the minor and Pritt, which constitute the underlying basis for Plaintiff's claims. *See Doe v. MySpace*, 528 F.3d at 419–20.

A provider can lose its Section 230 immunity if it "materially contributes" to the unlawfulness of the content at issue. *See, e.g. Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) (finding

that an immunity exception applied to a roommate-finding website that required visitors to disclose discriminatory housing preferences). Although Plaintiff argues against immunity on this basis, this argument fails.

"Material contribution" requires that the provider contributed "to the alleged illegality" of content, or in other words, "what makes the displayed content illegal or actionable." *See Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 409–15 (6th Cir. 2014). Plaintiff argues that Defendants materially contributed to the unlawfulness of the content at issue by "maintain[ing] a weak age verification system, misrepresenting that minors may not sign up, and failing to warn of the known risk of sexual abuse to minors." (Doc. 42 at 3). Defendants, Plaintiff argues, are therefore "responsible for what [made] the displayed content allegedly unlawful." (*Id.* at 16 (alteration in original) (quoting *Doe v. MG Freesites, Ltd.*, Case No. 7:21-cv-00220-LSC, 2022 U.S. Dist. LEXIS 23199, at *49 (N.D. Ala. 2022))). But Plaintiff does not allege facts showing that Defendants contributed to the illegality of Pritt's messages. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256–58 (4th Cir. 2009) (motion to dismiss granted where complaint failed to "plead facts to show" defendant "create[d]" or "develop[ed]" content).

"The purpose of § 230 statutory immunity is to 'maintain the robust nature of Internet communication' and to avoid the 'obvious chilling effect' that

6

would result from the specter of tort liability on service providers for millions of postings by third parties." *McCall v. Zotos*, Case No. 8:21-cv-02411-SDM-TGW, 2023 WL 3946827, at *2 (11th Cir. June 12, 2023) (quoting *Zeran* at 330). Here, Defendants meet the three elements required for immunity under Section 230 of the CDA.[7] Plaintiff's claims are thus barred.

### B. Leave to Amend

Plaintiff has already amended her initial complaint twice, and she does not request leave to amend again. Because it appears that future amendment would be futile, *see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999), Plaintiff's claims will be dismissed with prejudice and without leave to amend.

### C. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. The Motion to Dismiss (Doc. 35) is **GRANTED**.

---

[7] Courts routinely grant motions to dismiss based on Section 230 in similar cases. *Doe v. Kik Interactive, Inc*, 482 F. Supp. 3d 1242, 1247–51 (S.D. Fla. 2020) (claims based on minor's alleged exchange of explicit photos on defendant's website); *M.H. v. Omegle.com, LLC*, Case No. 8:21-cv-814-VMC-TGW, 2022 WL 93575, at *2–7 (M.D. Fla. Jan. 10, 2022) (claims that adult convinced minor to undress on defendant's chatroom website); *L.H. v. Marriott Int'l, Inc.*, 604 F. Supp. 3d 1346, 1361–67 (S.D. Fla. 2022) (claim plaintiff was trafficked using website); *Rodriguez v. OfferUp, Inc.*, Case No. 8:19-CV-1290-T-30SPF, 2019 WL 13247290, at *3–4 (M.D. Fla. Aug. 29, 2019) (claims based on alleged failure to warn that criminals could use defendant's website to find victims); *Doe v. Am. Online, Inc.*, 783 So. 2d 1010, 1012–13 (Fla. 2001) (claim that adult used defendant's chat rooms to market child pornography).

2. The Second Amended Complaint (Doc. 28) is **DISMISSED** with prejudice.

3. This case is dismissed, and the Clerk is directed to close it.

**DONE** and **ORDERED** on October 26, 2023.

                                        JOHN ANTOON II
                                        United States District Judge

Copies furnished to:
Counsel of Record