UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:23-cv-00193-JA-PRL

MOTHER DOE, on behalf of JOHN DOE

      Plaintiff,

v.

GRINDR, LLC.,
and GRINDR HOLDINGS LLC.
(f/k/a KL GRINDR HOLDINGS LLC),

      Defendants.
_____/

## PETITION FOR APPROVAL OF SETTLEMENT FOR MINOR AND FOR APPROVAL OF ATTORNEY FEE AGREEMENT

Petitioner, Mother Doe, as parent and natural guardian of minor John Doe, by and through undersigned counsel, hereby files this Petition for Approval of Settlement for a Minor and for Approval of Attorney Fee Agreement, pursuant to Florida Statutes §§ 768.25 et seq., 744.387(3) and Florida Bar Rule 4-1.5(f)(4)(B), and in support thereof, states as follows:

1. This matter arises from a personal injury claim brought against GRINDR, LLC and GRINDR HOLDINGS LLC (formerly known as KL GRINDR HOLDINGS LLC), on behalf of a minor child, to wit: A.W. (y/o/b 2009), and the child's natural guardian, T.W., for her individual claims. *See* Exhibit

1

"A" for identifying information of the minor and natural guardian, to be filed separately under seal.[1]

2. On February 23, 2025, the parties reached a confidential settlement of A.W.'s claims during the appellate process in exchange for a complete release of liability. A copy of the confidential settlement agreement is to be filed separately under seal, as Exhibit "B."

3. Pursuant to Florida Statute § 744.387(3), a settlement on behalf of a minor must be approved by the Court upon a showing that the terms are in the best interests of the minor child.

4. Petitioner respectfully requests that the Court:

    o approve and authorize the confidential settlement; and

    o approve the disbursement of settlement proceeds in accordance with the Distribution Statement to be filed separately under seal as Exhibit "C".

5. Petitioner further requests that the Court approve the attorneys' fee and cost agreement pursuant to Florida Bar Rule 4-1.5(f)(4)(B)(ii), as reflected in the sealed Distribution Statement and consistent with the contingency fee agreement executed between Petitioner and counsel.

---

[1] All Exhibits referenced in this Petition are attached to the contemporaneously filed Unopposed Motion to Seal.

6. The appointment of a guardian ad litem is not necessary where the minor is already adequately represented by a parent or legal guardian with no conflict of interest.

7. The appointment of a guardian ad litem is a procedural matter governed by Federal Rule of Civil Procedure 17(c). *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (internal quotations omitted). A district court is not required to consider appointing a guardian ad litem unless there is a conflict of interest between the minor and the representative. *Id.* When a parent is a party to the action and shares the same interest as the minor, no conflict generally exists. *Caraballo-Ramos v. United States*, No. 6:21-cv-2168-CEM-EJK, 2023 WL 8622071, at *2 (M.D. Fla. July 17, 2023).

8. Mother Doe is John Doe's natural and legal guardian. Thus, a guardian ad litem is not necessary in this case. *Burke*, 252 F.3d at 1264 (holding that Federal Rule of Civil Procedure 17(c) does not require that a district court appoint a guardian ad litem in all cases).

9. In the best interests of the minor, Petitioner respectfully requests that twenty percent (20%) of the net settlement proceeds be disbursed to the minor for immediate use in accordance with the minor's needs and welfare, under the supervision of the natural guardian, which includes a residential treatment program for the minor.

10. Petitioner further requests that the remaining balance of the minor's net settlement proceeds be placed into a structured settlement annuity, with periodic disbursements to the minor at future dates, as outlined in the sealed Distribution Statement, to preserve and protect the minor's financial interests.

11. Defendant has agreed to pay a confidential settlement amount as to purchase a structured settlement annuity for the benefit of A.W., a minor, with the expressed approval of his natural parent and legal guardian, T.W, wherein A.W. will receive periodic payments as detailed in Exhibit "D," to be filed separately under seal.

12. The proposed allocation and financial arrangements serve the best interests of the minor by providing for both current needs and long-term financial security.

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

- Approve the confidential settlement agreement on behalf of the minor;
- Approve the attorneys' fee agreement;
- Approve the distribution and financial disbursement plan as outlined above and detailed in the sealed exhibits;
- Order that twenty percent (20%) of the minor's net proceeds be

- disbursed under the supervision of the natural guardian;
- Order that the remaining balance be placed in a structured settlement annuity for the benefit of the minor as detailed in Exhibit "D"; and
- all other and further relief as this Court deems necessary or appropriate.

Dated: April 29, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/* Krisel McSweeney

　　　　　　　　　　　　　　　　　　　　Krisel McSweeney
　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 112637
　　　　　　　　　　　　　　　　　　　　McSweeney Law Firm
　　　　　　　　　　　　　　　　　　　　5550 Glades Rd., Suite 500
　　　　　　　　　　　　　　　　　　　　Boca Raton, FL 33431
　　　　　　　　　　　　　　　　　　　　Tel.: 800-540-0668
　　　　　　　　　　　　　　　　　　　　Fax: 561.961.5191
　　　　　　　　　　　　　　　　　　　　kmcsweeney@mcsweeneylawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via to all counsel of record via the electronic filing portal.

　　　　　　　　　　　　　　　　　　　　*By /s/* Krisel McSweeney
　　　　　　　　　　　　　　　　　　　　Krisel McSweeney
　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 112637
　　　　　　　　　　　　　　　　　　　　McSweeney Law Firm
　　　　　　　　　　　　　　　　　　　　5550 Glades Rd., Suite 500
　　　　　　　　　　　　　　　　　　　　Boca Raton, FL 33431
　　　　　　　　　　　　　　　　　　　　Tel.: 800-540-0668
　　　　　　　　　　　　　　　　　　　　Fax: 561.961.5191
　　　　　　　　　　　　　　　　　　　　kmcsweeney@mcsweeneylawfirm.com