UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MOTHER DOE, on behalf of
JOHN DOE,

    Plaintiff,

v.                                      Case No. 5:23-cv-193-JA-PRL

GRINDR, LLC and GRINDR
HOLDINGS, LLC,

    Defendants.

## ORDER

Before the Court is Plaintiff's unopposed motion (Doc. 55) to seal four exhibits that pertain to Plaintiff's motion (Doc. 57) for approval of a minor settlement. Plaintiff states that these exhibits contain personal identifying information of the minor and parent as well as the confidential settlement amount and payout schedule.

To seal a docketed item, such as a settlement agreement, a party must show good cause that is sufficient to overcome a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985); *see Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also* M.D. Fla. Local Rule 1.11(a). A showing of good cause requires balancing the public right of access against the party's interest in

keeping the information confidential. *Romero*, 480 F.3d at 1246. In so balancing, courts consider factors including:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.*

Here, Plaintiff has shown good cause to seal the exhibits. Allowing access to the information would harm the minor's legitimate privacy interests given that the case involves allegations of sexual abuse. It appears that there is a high degree and likelihood of injury if the information is made public. And Plaintiff submits that less onerous options to sealing, such as redaction, are inadequate because the sensitive and confidential information is necessary for the Court to evaluate the settlement agreement.

Accordingly, Plaintiff's motion (Doc. 55) is **granted**. On or before **May 6, 2025**, Plaintiff shall file the exhibits under seal as a separate docket entry. The seal shall remain in place indefinitely.

**DONE** and **ORDERED** on May 1st, 2025.

JOHN ANTOON II
United States District Judge

2

Copies furnished to:
Counsel of Record